1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     David W. Quinto (Bar No. 106232)
2    davidquinto@quinnemanuel.com
     Daniel C. Posner (Bar No. 232009)
3    danposner@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
5  Facsimile:   (213) 443-3100

6  Attorneys for Defendant
   Le Château, Inc.

7

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                     WESTERN DIVISION

| | |
|---|---|
| 11  L.A. PRINTEX INDUSTRIES, INC., a California Corporation, | CASE NO. CV10 4264-ODW (FMOx) |
| 12                    Plaintiff, | **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;** |
| 13        vs. | |
| 14  LE CHÂTEAU, INC., a Canadian Corporation; and DOES 1-10, | **DECLARATION OF DAVID W. QUINTO; STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW; AND [PROPOSED] ORDER FILED CONTEMPORANEOUSLY HEREWITH** |
| 15 | |
| 16                  Defendants. | |
| 17 | |
| 18 | Date:  May 23, 2011 |
| 19 | Time:  1:30 p.m.<br>Crtrm.: 11 |
| 20 | Judge:  Honorable Otis D. Wright II |

21

22  TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

23      PLEASE TAKE NOTICE that on May 23, 2011, at 1:30 p.m., defendant Le

24  Château, Inc. will, and hereby does, move the Court pursuant to <u>Fed. R. Civ. P.</u> 56

25  for an order granting summary judgment.

26      The Court lacks subject matter jurisdiction to hear plaintiff's copyright

27  infringement claims because plaintiff has alleged infringement of a single fabric

28  pattern registered with the United States Copyright Office only as one of a dozen

04211.23238/4102634.3

1   works registered as a published collection when there is no evidence that the
2   registered works were, in fact, published as a collection.  Even if the pattern at issue
3   had been published as part of a collective work, Le Château would nonetheless be
4   entitled to judgment as a matter of law because the copying of a single element of a
5   collective work does not infringe the "collection" and there is no "substantial
6   similarity" between the collection and plaintiff's use of a pattern comprising just
7   8.5% of the collection.

8          This motion is based on this notice; the accompanying Memorandum of
9   Points and Authorities; the Separate Statement of Undisputed Facts and Conclusions
10  of Law; the Declaration of David W. Quinto dated April 22, 2011; any matters of
11  which this Court may take judicial notice; and any additional argument and evidence
12  as may be presented at the hearing of this matter.

13  **<u>Statement of Rule 7-3 Compliance</u>**

14         <u>Plaintiff's Refusal to Meet and Confer</u>.  As set forth more fully in the attached
15  Declaration of David W. Quinto dated April 22, 2011, paragraph 12, Le Château's
16  counsel repeatedly requested that plaintiff's counsel meet and confer concerning this
17  motion.  In doing so, Le Château's counsel explained that the motion would be
18  brought on the same grounds that plaintiff's counsel briefed and argued in *United*
19  *Fabrics v. C&J Wear*, which was also the basis for plaintiff's loss in *L.A. Printex*
20  *Industries, Inc. v. Aeropostale*.  Following an extended e-mail exchange, plaintiff's
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1  counsel maintained that they were "still not clear as to your requested relief" and,

2  accordingly, declined to meet and confer.  *See* Exhibit N to the Declaration of

3  David W. Quinto dated April 22, 2011.

4  DATED: April 22, 2011             QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
5

6

7

8  By _____
                                     David W. Quinto
9                                    Attorneys for Defendant
                                     Le Château, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>TABLE OF CONTENTS</u>**

2

<u>Page</u>

3

4  MEMORANDUM OF POINTS AND AUTHORITIES ...............................................1

5  PRELIMINARY STATEMENT.................................................................................1

6  STATEMENT OF FACTS .........................................................................................1

7  ARGUMENT ............................................................................................................3

8  I.     SUMMARY JUDGMENT STANDARD ..........................................................3

9  II.    THE COMPLAINT HEREIN SHOULD BE DISMISSED BECAUSE
        THE COURT LACKS SUBJECT MATTER JURISDICTION ........................4

10

11  III.   THE ALLEGED INFRINGEMENT WAS DE MINIMIS AND,
        HENCE, IS NOT ACTIONABLE.....................................................................9

12  IV.   LE CHÂTEAU SHOULD BE AWARDED ITS COSTS AND
        ATTORNEYS' FEES ......................................................................................9

13  CONCLUSION ...................................................................................................... 10

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## Cases

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) ................................................................................3

*California Architectural Building Prods., Inc. v. Franciscan Ceramics, Inc.,*
818 F.2d 1466 (9th Cir. 1987) ................................................................4

*Celotex Corp. v. Catrett,*
477 U.S. 317, 106 S. Ct. 2548 (1986) ....................................................3

*Crescent Publishing Group v. Playboy Enterprises, Inc.,*
246 F.3d 142 (2d Cir. 2001) ..................................................................10

*Fairbank v. Wunderman Cato Johnson,*
212 F.3d 528 (9th Cir. 2000) ..................................................................3

*Fogerty v. Fantasy, Inc.,*
510 U.S. 517 (1994) ................................................................................9

*Kay Berry, Inc. v. Taylor Gifts, Inc.,*
421 F.3d 199 (3d Cir. 2005) ....................................................................5

*L.A. Printex Industries, Inc. v. By Design, LLC,*
No. CV 09-9320 R (AJWx) ....................................................................10

*L.A. Printex Industries, Inc. v. Aeropostale, et al.,*
No. CD 08-07085 DDP (Ex),
2010 WL 2813800 (C.D. Cal. May 5, 2010) .....................................4, 5

*Lieb v. Topstone Industries, Inc.,*
788 F.2d 151 (3d Cir. 1986) ....................................................................9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
475 U.S. 574 (1986) ................................................................................4

*Newton v. Diamond,*
388 F.3d 1189 (9th Cir. 2004) ................................................................9

*Singh v. Gonzales,*
491 F.3d 1019 (9th Cir. 2007) ................................................................8

*Stevenson v. Union Pacific Railroad Co.,*
354 F.3d 739 (8th Cir. 2004) ..................................................................8

*United Fabrics International, Inc. v. C&J Wear, Inc.,*
630 F.3d 1255 (9th Cir. 2011) ................................................................4

*United Fabrics International, Inc. v. C&J Wear, Inc.,*
No. CV-08-1085 JVS (AJWx), Docket No. 148 (C.D. Cal. Aug. 18, 2009) .....5, 6

-ii-

1   *United States ex rel. C.H. Benton, Inc. v. Roelof Construction Co.*,
2     418 F.2d 1328 (9th Cir. 1969) ....................................................................8

3                      **Rules/Statutes**

4   17 U.S.C. § 101 ......................................................................................4

5   17 U.S.C. § 505 ......................................................................................9

6   28 U.S.C. § 1338(a) ................................................................................4

7   37 C.F.R. § 202.3(b)(4) ...........................................................................4

8   Fed. R. Civ. P. 1 .....................................................................................3

9   Fed. R. Civ. P. 56 ...................................................................................3

10  Fed. R. Civ. P. 56(c) ...............................................................................3

11  Fed. R. Evid. 201.................................................................................5, 6

12

13                   **Other Authorities**

14  Frank F. O'Malley, Jay E. Grenig, and Honorable William C. Lee,
      *Federal Jury Practice Instructions* § 104.27 ..............................................8

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### Preliminary Statement

3    If, as here, a copyright infringement plaintiff alleges that a single published

4 work registered only as part of a published collection was infringed, the plaintiff

5 must show that the various works subject to the registration were in fact offered for

6 sale *as a collection*.  Otherwise, the court lacks subject matter jurisdiction to hear

7 the claim.  The reason why is obvious.  The plaintiff cannot invoke the jurisdiction

8 of the federal courts on the basis that it has a collective work if its work is not in fact

9 a collective work.

10    Because they had lost other cases for precisely this reason, plaintiff and its

11 counsel have attempted to suppress evidence that the copyright at issue relates not to

12 1 work but to 12, as well as evidence that the 12 patterns at issue were never

13 marketed as a collective work.  Absent such evidence, no federal court has subject

14 matter jurisdiction to hear plaintiff's claims.  Those claims must therefore be

15 dismissed for this reason alone.

16    Even if plaintiff had published the 12 patterns it registered as a collection, Le

17 Château would not be liable for infringement as a matter of law because it is alleged

18 to have copied only a single pattern - as opposed to the collection - comprising just

19 8.5% of the collection.  To prove infringement, a copyright plaintiff must prove that

20 the defendant's work is "substantially similar" to its own, but plaintiff cannot do

21 that.  By definition, Le Château's work is 91.5% different from the collection at

22 issue.

23    Finally, the award of costs and attorney's fees is appropriate because plaintiff

24 knew that its claims were meritless long before it filed suit.

25

### Statement of Facts

26    Plaintiff's complaint, filed June 9, 2010, alleges just two claims: copyright

27 infringement and vicarious and/or contributory copyright infringement.  As reflected

28 in paragraph 9 of the Complaint, Le Château is alleged to have infringed a single

1   textile design pattern.  Paragraph 10 of the complaint alleges that the textile design

2   pattern at issue was registered with the United States Copyright Office pursuant to

3   Certificate of Registration No. VA 1-344-916.  The Registration Certificate,

4   attached as Exhibit 2 to the Complaint, reflects that it was issued December 19,

5   2005, for "Ethnic (Group 12)."  The copyright registration certificate recites that

6   Ethnic (Group 12) was published December 7, 2005.

7       Because the Complaint attached a copy of but one pattern subject to the

8   copyright registration at issue, beginning in the summer of 2010 Le Château

9   repeatedly requested of plaintiff's counsel that it be permitted to inspect the

10   registration materials.  However, all such requests were denied.  Declaration of

11   David W. Quinto dated April 22, 2010 ("Quinto Dec."), ¶ 2.

12       On March 9, 2011, Le Château served its First Request for Production of

13   Documents and Things, seeking to discover what textile design patterns are subject

14   to the copyright registration certificate at issue herein.  On April 8, 2011, plaintiff

15   served its responses, but did not produce any documents, instead advising Le

16   Château that the responsive documents could be examined at the offices of

17   plaintiff's counsel on April 19, 2011, at 11:00 a.m.  When the documents were

18   ultimately produced, they consisted of 33 pages, of which the purported copyright

19   registration materials consisted of just 3 pages.  The copyright registration materials

20   had been sanitized to remove evidence of the 11 other patterns subject to the

21   copyright registration.  Quinto Dec., ¶¶ 2, 4-6 and Exhibits A, D and E thereto.

22       Le Château independently engaged a copyright search service to obtain a

23   deposit copy of the certificate of copyright registration at issue at a cost of almost

24   $900.  That certificate, attached to the Quinto Declaration as Exhibit G, reflects not

25   just the 1 pattern that plaintiff disclosed in its responses to Le Château's First Set of

26   Requests for Production of Documents and Things, but 12 patterns.  Quinto Dec.,

27   ¶ 7.

28

On March 10, 2011, Le Château served its Second Request for Production of Documents and Things and First Set of Interrogatories.  They were directed at discovering how and when plaintiff published the textile design pattern subject to the copyright registration certificate at issue.  On April 12, 2011, plaintiff untimely served its responses and, notwithstanding that any objections were waived by its failure to timely respond, plaintiff refused to provide any information concerning how the 11 other textile design patterns subject to its copyright registration certificate were marketed or sold.  Quinto Dec., ¶¶ 3, 9 and Exhibits B-C and Exhibits I-J thereto.  Accordingly, plaintiff has failed to come forward with any evidence that the textile design pattern subject to its collective copyright registration were published *as a collection*.

## Argument

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 (1986) (quoting *Fed. R. Civ. P.* 1).  Summary judgment should be entered when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Under *Celotex*, Le Château need not negate plaintiff's claims if it can show that plaintiff cannot meet its burden to prove them.  Pursuant to Rule 56, "a moving defendant may shift the burden of producing evidence to the nonmoving plaintiff merely by 'showing' — that is, pointing out through argument — the absence of evidence to support plaintiff's claim."  *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).  Moreover, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a

1 | genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

2 | 574, 587 (1986). No longer can it be argued that any disagreement about a material

3 | issue of fact precludes the use of summary judgment. *California Architectural*

4 | *Building Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.

5 | 1987).

6 | **II.     THE COMPLAINT HEREIN SHOULD BE DISMISSED BECAUSE**

7 | **THE COURT LACKS SUBJECT MATTER JURISDICTION**

8 | This Court would have subject matter jurisdiction over plaintiff's copyright

9 | claims only if those claims arose under the U.S. Copyright Act. *See* 28 U.S.C.

10 | § 1338(a). But, as stated in the copyright registration certificate attached as

11 | Exhibit 2 to plaintiff's complaint, the pattern at issue was registered as part of a

12 | *published* work consisting of a collection of 12 patterns. As explained below, that

13 | registration is invalid because the 12 patterns were not published as a collection.

14 | Because the registration is invalid, all courts lack subject matter jurisdiction to hear

15 | plaintiff's claims.

16 | That rule was stated clearly by the Ninth Circuit in a case argued by *plaintiff's*

17 | counsel herein, Scott Burroughs. In *United Fabrics International, Inc. v. C&J*

18 | *Wear, Inc.*, 630 F.3d 1255 (9th Cir. 2011), the Ninth Circuit held that:

19 | When one registers a collection of works in a single copyright, it can be

20 | registered either as a "published" or an "unpublished" collection.

21 | 37 C.F.R. § 202.3(b)(4). A necessary element of a published-collection

22 | copyright is that the collection is sold, distributed or offered for a sale

23 | concurrently. *Id.*; 17 U.S.C. § 101.

24 | *Id.* at 1258-59.

25 | Plaintiff and its counsel were aware of the legal requirement that the 12

26 | patterns be published as a collection well in advance of the Ninth Circuit ruling. For

27 | example, *before this case was filed,* in *L.A. Printex Industries, Inc. v. Aeropostale, et*

28 | *al.*, No. CD 08-07085 DDP (Ex), 2010 WL 2813800 (C.D. Cal. May 5, 2010),

04211.23238/4102634.3

-4-

1   Judge Dean D. Pregerson granted summary judgment against plaintiff on May 5,

2   2010, based on that very issue.  In doing so, Judge Pregerson noted that L.A. Printex

3   "relies on its registration of Geometric (Group 4)—a group that contains, among

4   other patterns, the G70132 pattern at issue in this case—to satisfy the registration

5   element of its copyright registration claim."  Citing *Kay Berry, Inc. v. Taylor Gifts,*

6   *Inc.*, 421 F.3d 199, 205 (3d Cir. 2005), Judge Pregerson observed that the "single

7   work registration requires. . . that all of the self-contained works be 'included in a

8   single unit of publication' and share the same copyright claimant."  Judge Pregerson

9   found, however, that L.A. Printex "sold fabric bearing G70132 designs separately

10  from other designs in Geometric (Group 4)."  He thus concluded that L.A. Printex

11  had "not produced competent evidence establishing that it holds a valid copyright

12  registration for the G70132 pattern" and therefore could not, "as a matter of law,

13  prevail on its copyright infringement claim."[1]

14      Before that, Judge James V. Selna had ruled against Mr. Burroughs' client on

15  that issue as well.  In *United Fabrics International, Inc. v. C&J Wear, Inc.*, No. CV-

16  08-1085 JVS (AJWx), Docket No. 148 (C.D. Cal. Aug. 18, 2009), Judge Selna

17  rejected the textile printer's argument that, "A single publication requirement is

18  unworkable for designs because customers come in sporadically, and may or may

19  not be interested in all of the designs in a copyright."  Judge Selna observed that the

20  foregoing argument "ignores the fact that [a fabric pattern designer] has control over

21  what it publishes, when, and to whom."  Because the various patterns subject to the

22  copyright registration were not published as a collective work, Judge Selna held that

23

24  _____

25  [1]   Le Château requests that the Court take judicial notice of the date, existence
    and reasoning of Judge Pregerson's Order Granting Defendants' Motion for
26  Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment
    in *Aeropostale*.  *See* Fed. R. Evid. 201.  A true and correct copy of
27  Judge Pregerson's Order is attached to the Quinto Declaration as Exhibit K.

28

1 | the plaintiff did "not have standing to allege copyright infringement of the subject
2 | matter, which must be independently registered before this claim can be asserted."[2]

3 |   Seeking evidence concerning whether the 12 patterns subject to the copyright
4 | registration at issue were, in fact, published as a collection, Le Château propounded
5 | two sets of document requests on plaintiff, as well as one set of interrogatories.[3]
6 | Le Château's First Request for Production of Documents and Things contained just
7 | five requests.  The first three requests sought production of:

8 | • The deposit copy of YOUR COPYRIGHT registration application.

9 | • All DOCUMENTS you sent to or received from the United States
10 | Copyright Office in connection with the registration of YOUR
11 | COPYRIGHT.

12 | • Copies of all designs subject to YOUR COPYRIGHT registration.[4]

13 | Plaintiff's written responses to those requests were identical:

14 | Objection:  Vague, calls for legal conclusion.  This has
15 | been or will be produced.[5]

16 | Plaintiff nowhere indicated that any documents were being withheld.  Nevertheless,
17 | plaintiff did withhold critical documents.[6]

---

[2]   Le Château requests that the Court take judicial notice of the date, existence and reasoning of Judge Selna's Order Denying Plaintiff's Motion for Summary Adjudication and Dismissing Action dated August 18, 2009, in *C&J Wear*.  *See* Fed. R. Evid. 201.  A true and correct copy of that order is attached to the Quinto Declaration as Exhibit L.

[3]   Quinto Dec., ¶¶ 2-3 and Exhibits A-C thereto.

[4]   Quinto Dec., ¶ 2 and Exhibit A thereto.

[5]   Quinto Dec., ¶ 4 and Exhibit D thereto.  The response to the third request actually stated that:  "This has been or will be produced for inspection upon reasonable notice."

[6]   Plaintiff initially refused to provide copies of the 33 pages of documents it agreed to produce and said, instead, that the documents could be inspected at 11:00
(footnote continued)

1      Attached to the Quinto Declaration as Exhibit F is the complete set of

2  documents produced by plaintiff in response to Le Château's First Set of Requests

3  for Production.  The purported copyright registration materials appear on the pages

4  marked by plaintiff as P28-P30.[7]

5      Knowing that plaintiff might refuse to produce the complete copyright

6  registration materials, Le Château independently ordered a certified copy of them at

7  a cost of almost $900.[8]  A true and correct copy of the certified copy of the

8  registration materials is attached to the Quinto Declaration as Exhibit G.  In contrast

9  to the registration materials produced by plaintiff that purport to show the

10  registration of but 1 pattern, the certified copy reflects that 12 distinct patterns were

11  registered.

12      Unsurprisingly, plaintiff has refused to produce any evidence at all

13  concerning its purported publication or sale of the 11 additional patterns subject to

14  the copyright registration at issue herein.  Le Château's First Set of Interrogatories

15  and Second Request for Production of Documents (Exhibits B and C to the Quinto

16  Declaration), personally served on March 10, 2011, required the production of

17  evidence concerning how each of the patterns subject to the copyright registration

18  certificate at issue were marketed and sold.  Notwithstanding that its responses were

19  untimely served 33 days later, plaintiff *refused to provide any responses* to those

20

21  _____

22  a.m. on April 19, 2011, at the offices of plaintiff's counsel.  Quinto Dec., ¶ 5 and

23  Exhibit E hereto.
     [7]  Quinto Dec., ¶ 7 and Exhibit F thereto at 62-64.

24  [8]  Quinto Dec., ¶ 7 and Exhibit G thereto.  Le Château's belief that plaintiff

25  would likely fail to respond to its discovery requests truthfully was based, in part, on
     its counsel's experience having plaintiff's principal, Jae Nah, held in contempt of

26  court by Judge George H. King for backdating a critical document and submitting a

27  perjurious declaration to hide his conduct.  See Quinto Dec., ¶ 8 and Exhibit H
     thereto.

28

1  requests and, instead, merely asserted objections that, even if they had been

2  meritorious, would have been barred by plaintiff's failure to timely respond.[9]

3        Because plaintiff has failed to keep and/or refused to produce evidence

4  critical to many of the hundreds of copyright infringement cases it has brought, the

5  Court may infer that the evidence withheld would have been damaging to plaintiff's

6  case. *See Singh v. Gonzales*, 491 F.3d 1019, 1024 (9th Cir. 2007) ("When a party

7  has relevant evidence in his control which he fails to produce, that failure gives rise

8  to an inference that the evidence is unfavorable to him . . . . The adverse inference

9  rule is a generally accepted principle of law."); *United States ex rel. C.H. Benton,*

10  *Inc. v. Roelof Construction Co.*, 418 F.2d 1328, 1332 (9th Cir. 1969) (when a party

11  has relevant evidence within its control that it fails to produce, such failure gives

12  rise to an inference that the evidence is unfavorable to that party); Frank F.

13  O'Malley, Jay E. Grenig, and Honorable William C. Lee, *Federal Jury Practice*

14  *Instructions* § 104.27 ("If you should find that a party willfully suppressed evidence

15  in order to prevent its being presented in this trial, you may consider such

16  suppression in determining what inferences to draw from the evidence or facts in the

17  case"). *See also Stevenson v. Union Pacific Railroad Co.*, 354 F.3d 739, 746 (8th

18  Cir. 2004) (holding that in determining whether to impose an adverse inference

19  sanction, a court must consider (1) whether the record retention policy is reasonable

20  considering the facts and circumstances surrounding those documents, (2) whether

21  lawsuits have been filed frequently concerning the type of records at issue, and (3)

22  whether the document retention policy was instituted in bad faith).

23        Here, Le Château is entitled to an adverse inference. The reason plaintiff has

24  refused to provide evidence concerning any of the other patters subject to its

25  copyright registration is obvious. The patterns were not "included in a single unit of

26

27     [9]  Quinto Dec., ¶ 9 and Exhibits I-J thereto.

28

1  publication" and, therefore, plaintiff's claim is barred - as plaintiff and its counsel

2  knew long before they filed suit.

3  **III.   THE ALLEGED INFRINGEMENT WAS DE MINIMIS AND, HENCE,**

4      **IS NOT ACTIONABLE**

5      Le Château is independently entitled to summary judgment for another

6  reason.  It is well settled that *de minimis* copyright infringement is not actionable.

7  *Newton v. Diamond*, 388 F.3d 1189, 1192-93 (9th Cir. 2004).  As the Ninth Circuit

8  explained, "even where the fact of copyright is conceded, no legal consequences

9  will follow from that fact unless the copying is substantial."  Here, Le Château is

10 accused of infringing just 1 of 12 works, or 8.5% of the collective work at issue.

11 Because there is no claim that Le Château infringed the other 91.5% of the

12 collective work, there could not be a substantial infringement as a matter of law.

13 For this reason, as well, plaintiff's claims must be dismissed.

14 **IV.   LE CHÂTEAU SHOULD BE AWARDED ITS COSTS AND**

15      **ATTORNEYS' FEES**

16      Section 505 of the Copyright Act provides that "the court in its discretion may

17 allow the recovery of full costs by or against any party."  Further, "the court may

18 award a reasonable attorney's fee to the prevailing party as part of the cost."

19      In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994), the Supreme Court

20 held that in exercising its discretion to award attorney's fees to prevailing copyright

21 plaintiffs or defendants, courts should take an "even-handed" approach that treats

22 both sides equally.  The Supreme Court approvingly cited one circuit court's

23 consideration, as nonexclusive factors, of the losing party's "frivolousness,

24 motivation, objective unreasonableness (both in the factual and in the legal

25 components of the case) and the need in particular circumstances to advance

26 considerations of compensation and deterrence."  *Id.* at 534, n.19, citing *Lieb v.*

27 *Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d Cir. 1986).

28

04211.23238/4102634.3

1      Here, plaintiff has clearly pursued a frivolous, objectively unreasonable suit

2  for an improper motivation.  It has always known that the Court lacks subject matter

3  jurisdiction.

4      Moreover, plaintiff knew how to correct the problem, had it wanted to do so.

5  In *L.A. Printex Industries, Inc. v. By Design, LLC*, No. CV 09-9320 R (AJWx),

6  plaintiff had registered a purported collection of published textile design patterns

7  pursuant to Certificate of Registration No. VAu 613-5916 on February 23, 2004.

8  However, to avoid the very problem at issue herein, plaintiff obtained a subsequent

9  Certificate of Registration, No. VAu 756-171, on July 16, 2010, that "removed" all

10  the patterns that were not at issue in the litigation, in the process conceding that,

11  contrary to the averments in the initial registration, the pattern at issue was

12  "unpublished."  *See* Quinto Dec., ¶ 11 and Exhibit M thereto.

13      Because an evidentiary hearing is ordinarily required to determine the amount

14  of any attorney's fee award, *see Crescent Publishing Group v. Playboy Enterprises,*

15  *Inc.*, 246 F.3d 142, 147 (2d Cir. 2001), Le Château respectfully requests that the

16  Court award it attorney's fees in an amount to be determined upon further briefing.

17                           **Conclusion**

18      For the reasons set forth above, Le Château respectfully requests that its

19  motion be granted in all respects.

20

21  DATED: April 22, 2011         QUINN EMANUEL URQUHART &

22                           SULLIVAN, LLP

23

24                 By _____

25                   David W. Quinto

26                   Attorneys for Defendant

27                   Le Château, Inc.

28