**O**

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., | CASE NO. CV 10-4264 ODW (FMOx) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. 1404(a) [27] |
| v. | |
| LE CHATEAU, INC. AND DOES 1 THROUGH 10, inclusive | ORDER FINDING AS MOOT DEFENDANT'S MOTION FOR SANCTIONS [34], DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [41], AND PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION [51] |
| Defendants. | |

## I.    INTRODUCTION

Currently before the Court are Defendant, Le Chateau, Inc.'s ("Defendant"), Motion for Summary Judgment (Dkt. No. 41), Defendant's Motion for Sanctions (Dkt. No. 34), Plaintiff, L.A. Printex Industries, Inc.'s ("Plaintiff"), Motion for Summary Adjudication (Dkt. No. 51), and Plaintiff's Motion to Transfer the Case. (Dkt. No. 27.) The Court deems the matter appropriate for decision without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure ("Rule __") and Local Rule 7-15. After careful consideration of the arguments submitted by the parties in support of and in opposition to the instant Motions, the Court **GRANTS** Plaintiff's Motion to Transfer

the Case. As a result, the Court **FINDS AS MOOT** the remaining Motions for the following reasons.

## II.  BACKGROUND

Plaintiff is a California corporation in the business of manufacturing textile goods primarily for the fashion industry. (Compl. at 1.) Particularly, Plaintiff creates and copyrights designs for use on textiles, and its products bear these designs. (Compl. at 1-2.) Plaintiff alleges that Defendant, a Canadian corporation having its principal place of business in Montreal, Quebec (Compl. ¶ 5), along with other DOE Defendants, are manufacturers, and/or vendors (and/or agents or employees of a manufacturer or vendor) of garments and handbags that bear Plaintiff's copyrighted designs. (Compl. ¶ 6.) Plaintiff specifically claims that the copyrighted textile design at issue ("Subject Design"), U.S. Copyright Registration No. VA 1-344-916, is featured on Defendant's products without Plaintiff's authorization. (Compl. ¶¶10-13.) Consequently, Plaintiff alleges that Defendant and other DOE Defendants are liable for direct and vicarious/contributory copyright infringement pursuant to 17 U.S.C. § 101 *et seq*.

Prior to the Motions currently pending before this Court, on January 11, 2011, Defendant filed a Motion for Summary Judgment arguing that the court lacked personal and subject matter jurisdiction. (Dkt. No. 22.) While opposing Defendant's Motion for Summary Judgment, Plaintiff filed a Motion to Transfer the Case to the Southern District of New York on January 28, 2011. (Dkt. No. 27.) Subsequently, on February 11, 2011, Defendant filed a Motion for Sanctions pursuant to Rule 11. (Dkt. No. 34.)

To better evaluate the propriety of the parties' Motions, on March 1, 2011, the Court ordered the parties to conduct expedited discovery on issues concerning: (1) the proper parties in this case; (2) where these parties are domiciled; (3) the nature and extent of the relationship between or among these parties; and (4) the nexus of those parties to Plaintiff's theories of liability. (*See* Dkt. No. 27.) In response to the March 11, 2011 Order, the parties filed supplemental briefs on April 25 and 26, 2011. (Dkt. No. 44, 46.)

In its supplemental brief, Plaintiff sets forth previously unknown pertinent facts. First, Plaintiff purchased alleged infringing products at stores in New York operated by Chateau Stores, Inc. ("Chateau Stores") which has been established to be Defendant's wholly-owned subsidiary. (Pl.'s Supplemental Br. ("Pl.'s Br."), Dkt. No. 44, Exh. 2, Interrogatory Response and Answer No. 12.) Particularly, Defendant admits to having a controlling, wholly-owned interest in Chateau Stores where Defendant has authority to create company policy. (Pl.'s Br., Exh. 3, Responses to Pl.'s Request for Admissions No. 14-16, 18) Second, both entities share common executive officers. (Pl.'s Br., Exh. 2, No. 12.) Third, Defendant admits that certain infringing products were distributed to Chateau Stores, Inc. (Pl.'s Br., Exh. 2, No. 10.) Fourth, Defendant admits it designed at least one of several infringing products. (Pl.'s Br., Exh. 2, No. 20.) Lastly, Defendant admits that it shipped and sold certain infringing products to Chateau Stores in New York. (Pl.'s Br., Exh. 3, No. 21-24.)

Defendant's supplemental brief addresses issues directed to whether Plaintiff maintains a valid copyright and whether personal jurisdiction exists over Defendant, which the currently pending Motions address. (*See generally* Def.'s Br., Dkt. No. 46.)

**III. DISCUSSION**

Defendant moves this Court, on several occasions, arguing that no personal jurisdiction exists. Yet, Defendant, at the same time, invokes the jurisdiction of this Court by requesting the Court to examine the merits of Plaintiff's claims. Specifically, while skillfully preserving its defense in the Answer, the personal jurisdiction issue was first brought up in Defendant's Motion for Summary Judgment in conjunction with the subject matter jurisdiction argument. (*See* Dkt. No. 22.) In addition, the same argument persists in Defendant's Motion for Sanctions (See Dkt. No. 34) and in its Supplemental Brief filed in response to the March, 11, 2011 Order. (*See* Dkt. No. 46.) Defendant's most recent Motion for Summary Judgment contains arguments that attack the validity of Plaintiff's Copyright Registration. (*See* Dkt. No. 41.) Surely, arguing that the Court lacks personal jurisdiction while flooding the Court's docket with substantive motions

is an uninviting practice. Indeed, such conduct constitutes incivility that has become common practice for far too many that come before this Court. Nevertheless, the Court turns to the parties' Motions.

### A. MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)[1]

Plaintiff argues that transferring this case to the Southern District of New York is proper because it is undisputed that Defendant's wholly-owned subsidiary sold infringing products that Defendant provided in New York. (Mot. at 5-7.) Plaintiff, therefore, argues that transferring the case will conserve resources as most witnesses and evidence will be more readily accessible in New York. (Mot. at 8-9.) In Opposition, Defendant contends that transfer is improper because the interest of the parties is not served in transferring this case where Plaintiff deliberately instituted this action in the wrong venue. (Opp'n at 6-7.) In addition, Defendant argues that transfer would be improper because Plaintiff's claims are without merit. (Opp'n at 7-10.) Defendant further argues that the case should be dismissed as the statute of limitations does not presently bar Plaintiff from instituting this action elsewhere. (Opp'n at 10.)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) ("§ 1404(a)"). A motion for transfer pursuant to § 1404(a) lies within the discretion of the district court, and its outcome depends on the facts of each case. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). In determining whether transfer is appropriate in a particular case, courts consider factors such as: (1) the plaintiff's choice of forum; (2) the convenience of the parties and witnesses, and the availability of compulsory process to compel attendance of unwilling non-party witnesses; (3) the ease of access to evidence; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the

---

[1] Notwithstanding any potential jurisdictional defects, the Court, addresses whether transfer is appropriate in this case prior to examining the parties' remaining Motions. *See Turner v. Harrah's New Orleans Hotel & Casino*, No. CV 10–5879–PA (PLA), 2011 WL 1666925, at *3 (C.D. Cal. Apr. 7, 2011) (holding that a court may transfer an action under 28 U.S.C. § 1406(a) even though it lacks personal jurisdiction and holding that, even if a district court does not have personal jurisdiction over a defendant, the court has discretion pursuant to 28 U.S.C. § 1404(a) to decide whether a case should be transferred) (citations omitted).

chosen forum; and (6) the differences in the costs of litigation in the two forums. *See id.* at 498-99; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), *reversed on other grounds* in *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 (1999). The burden of showing that transfer is appropriate rests on the moving party. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

As an initial matter, the Court finds that this case could have been brought in the Southern District of New York as venue would have been proper in that district. In cases where jurisdiction is not based solely on diversity of citizenship, as here, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b). In this case, Plaintiff purchased certain infringing products from Defendant's subsidiary, Chateau Stores, located in Manhattan, New York. In addition, Defendant admits to selling and distributing the alleged infringing products to Chateau Stores in New York. Accordingly, there is no question that a substantial part of the events or omissions giving rise to Plaintiff's copyright infringement claims occurred in New York. Hence, Plaintiff could have instituted this action in the Southern District of New York. The Court, now, turns to addressing the relevant factors and how each weighs on the question of a transfer.

Upon considering the relevant factors, the Court finds that the convenience of the parties and witnesses requires this case to be transferred. First, ordinarily, there is a strong presumption in favor of a plaintiff's choice of forum. *See Piper Aircraft v. Reyno*, 454 U.S. 235, 255 (1981). Where Plaintiff, however, is a nonresident of the preferred forum, as would be the case here, less deference is given. *See Ainsworth v. Experian Information Solutions, Inc.*, No. SACV 10–01706–CJC(RNBx), 2011 WL 2135713, at *2 (C.D. Cal. May 12, 2011). Still, Plaintiff's preference for this case to be in New York will be afforded some deference. *See id.* Absent a strong showing of inconvenience, this preference will not be disturbed. *Decker Coal Co.*, 805 F.2d at 843.

1    Next, Plaintiff makes a strong showing that the convenience of the parties favor
2    a transfer. Specifically, there is no question most of the evidence will be found in New
3    York or Montreal, Canada. Particularly, Plaintiff alleges that at least seventy-seven
4    infringing products bearing the "Le Chateau" label were sold at Chateau Stores in New
5    York. (Mot. at 6.) Surely, records and documents as to the origin of these items will be
6    in New York. Also, the same evidence may shed light on whether willfulness exists as
7    Plaintiff alleges. (*See* Compl. ¶¶ 21, 27.) Such evidence will likely be found in New
8    York rather than California. Furthermore, while Defendant is not actually a New York
9    corporation, Chateau Stores is located in New York. Given the fact that Chateau Stores
10   is in New York, and given the proximity of Defendant's Montreal corporate offices to
11   New York, the convenience of the parties weigh in favor of transferring the case.

12   Also, the convenience of the witnesses also favors transfer. Defendant's designers,
13   corporate officers, and other relevant employees undoubtedly reside in New York or
14   Montreal. Consequently, New York will offer a less resource consuming venue than Los
15   Angeles. This factor becomes more profound at this stage where Chateau Stores is not
16   yet a party to this action, and as a result, the availability of compulsory process to compel
17   attendance of unwilling non-party witnesses becomes highly relevant. *See Allstar Mktg.*
18   *Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1132 (C.D. Cal. 2009)
19   ("[t]he court accords less weight to the inconvenience of party witnesses [as opposed to
20   non-party witnesses]"). Regardless of Chateau Stores' status as a party or non-party, the
21   convenience of the witnesses is a factor that, in this case, weighs in favor of a transfer.

22   Lastly, the interests of justice favor a transfer to the Southern District of New York
23   because that district undoubtedly has an interest in resolving local controversies of
24   alleged infringing conduct by its own businesses and citizens. In sum, all relevant factors
25   weigh in favor of a transfer and amply demonstrate that New York will offer an easier,
26   more expeditious, and less costly alternative to the Central District of California.
27   Defendant, however, disagrees.

28   While Defendant, for the most part, fails to address the relevant convenience
     factors in its Opposition, Defendant's most compelling argument is that transfer is

improper because the interest of the parties is not served in transferring this case when Plaintiff deliberately instituted this action in the wrong venue. Defendant cites to *Nichols v. G.D. Searle & Co.* 991 F.2d 1195 (4th Cir. 1993) in support of its proposition.

In *Nichols*, the Fourth Circuit found that there was no question that plaintiffs' attorneys could have reasonably foreseen when they brought their claims that the Maryland district court lacked personal jurisdiction over their actions. 991 F.2d at 1202. Specifically, the court opined that the plaintiffs should have known that the district court had no general jurisdiction over the defendants as none of the plaintiffs in the case resided in the forum state, and none of their causes of action arose there. *Id*. at 1198. The court found that the plaintiffs, even with this knowledge, filed their actions in Maryland and imposed substantial costs on the defendant over a period of five years of litigation. The facts here, however, are distinguishable.

Here, unlike the plaintiffs in *Nichols* who did not reside in the plaintiffs' initial choice of forum, Plaintiff is a California corporation which owns a copyright to the Subject Designs that Defendant's products allegedly infringe. In addition, contrary to *Nicohls*, this Court has an interest in protecting the rights of those citizens that reside and entities that conduct business, within this district. Also, unlike the protracted five years of litigation the parties endured in *Nichols*, this case was still in its infancy - six months from the filing of the Complaint - prior to the contentious motion practice that ensued. Lastly, while Defendant would like this Court to believe that Plaintiff knew that personal jurisdiction was lacking in this district, Plaintiff sets forth reasonable arguments that diminishes the existence of bad faith or obvious errors in filing this action in this district.[2] No evidence indicates otherwise, and to the extent Defendant claims to have been "sandbagged," Plaintiff proffers that Defendant was aware of Plaintiff's intention to seek transfer prior to any motion practice instituted by Defendant. (Reply at 14.)  Hence,

---

[2] Plaintiff argues that it, in good faith, believed that jurisdiction and venue was proper because Defendant's activities, even if conducted out-of-state, were nevertheless "felt" in California. (Reply at 7-8.)  In addition, Plaintiff contends that it believes Defendant maintains an active website that sold products to California residents. (Reply at 8-9.)  Whether these arguments have merit is not before this Court.  Nonetheless, based on these arguments and other facts mentioned above, the Court cannot conclude that Plaintiff knowingly instituted this action in the wrong forum.

Plaintiff's initial choice of forum in California was not in bad faith.  Consequently, the Court's finding that the relevant factors weigh in favor of a transfer is not disturbed.

### B. THE REMAINING PENDING MOTIONS

Because this case shall be transferred to the Southern District of New York, the Court finds as moot all remaining motions.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Transfer the Case to the Southern District of New York pursuant to 28 U.S.C. § 1404.  The Clerk of Court shall close this case.

IT IS SO ORDERED.

June 20, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE